

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 22, 1960

Hon. J. M. Falkner
Commissioner
Department of Banking
Austin, Texas

Opinion No. WW-861

Re: Whether a company having
a certificate of authority from
the Secretary of State under Art.
3.27 of the Insurance Code is
subject to the provisions of Art.
1524a V.C.S.

Dear Mr. Falkner:

Penn Mutual Life Insurance Company, a Pennsylvania corporation, has received a certificate of authority from the Secretary of State to do business in Texas, for the purpose of "the loaning of its funds in Texas." The issuance of such certificate was authorized by virtue of Article 3.27 of the Insurance Code and was the subject of our Opinion No. WW-767.

Your request asks whether or not such company is subject to the provisions of Art. 1524a V.C.S. The question is answered in the affirmative.

Article 1524a is a regulatory law embracing all corporations having for their purpose or purposes any or all of the powers authorized in Subdivisions 48, 49 and 50 of Art. 1302 and all corporations having in whole or in part any purpose or purposes authorized in Chapter 275, S.B. #232 of the General and Special Laws of the Regular Session of the 40th Legislature (1303b). In general, these are corporations whose purposes include the accumulation and lending of money and the selling and dealing in notes, bonds, and securities without banking and discount privileges. Briefly summarized, Article 1524a lays down certain requirements which these corporations must meet in conducting their business and provides for their supervision, examination and inspection by the Banking Commissioner.

Article 3.27 provides that:

"Any life insurance company not desiring to engage in the business of writing life insurance in this State, but desiring to loan its funds in this State, may obtain a permit to do so from the Secretary of State by complying with the laws of this State relating to foreign corporations engaged in loaning money in

> this State, without being required to secure a certi-
> ficate of authority to write life insurance in this State."

Our Opinion WW-767 held that such Article had not been re-
pealed by the Business Corporation Act and that a corporation ad-
mitted to Texas thereunder "can in no sense be said to be operating
under the insurance laws of this state." (Had the company in ques-
tion intended to transact any insurance business in Texas it, of course,
could not have obtained a certificate of authority from the Secretary of
State). The company's business in Texas is limited by its certificate
of authority to "the loaning of its funds in Texas." Since subdivision
48 of 1302 authorizes corporations whose purpose is to "accumulate
and lend money. . .", subdivision 49 authorizes corporations whose
purpose is "to accumulate and loan money," it is obvious that Penn
Mutual Life Insurance Company falls within the regulatory scope of
Art. 1524a V.C.S.

Your opinion request indicates that your office has notified
the company that it is subject to some of the requirements of Art.
1524a and that the company has declined to comply therewith, primar-
ily for the following reasons:

(1) A so-called "ruling by the Banking Department" evidenced
by a letter from H. L. Bengston dated Jan. 31, 1947 to M. E. Purnell,
a Dallas attorney, concerning various insurance companies other than
Penn Mutual.

(2) The company does not intend to issue bonds, notes, certi-
ficates, debentures and other obligations for sale to the public.

(3) The company was not created for the purpose of lending
money but rather was created for the purpose of writing insurance.

(4) The company did not receive its permit from the Secre-
tary of State under subdivisions 48, 49 and 50 of Article 1302 or 1303b,
but rather received it under Art. 3.27.

(5) The purpose of Article 1524a is to regulate loan companies.

Insofar as the letter from Mr. Bengston is concerned, it ad-
vises that certain named insurance companies comparable in status
to Penn Mutual Life Insurance Company were not covered by Article
1524a. Even if we assume that this letter constitutes a departmental
construction, the conclusion reached therein is in error, the unambiguous
wording of Art. 1524a being to the contrary. 39 Tex.Jur.Sec. 126.

The fact that Penn Mutual does not intend to issue bonds, notes, etc., for sale to the public has no bearing on the question. Art. 1524a by its own terms specifically recognizes that some corporations under its purview will not engage in such activity. Much less stringent requirements are placed on those which do not. Such corporations need only file annually a statement of its condition on the previous 31st of December together with a filing fee of $25.00.

The fact that the company was chartered in Pennsylvania for the purpose of writing insurance and that it was not granted a permit under subdivisions 48, 49 and 50 of 1302 or under 1303b is likewise not decisive of the question. As pointed out above, if it contemplated pursuing the insurance business in Texas, it could not have received its certificate of authority from the Secretary of State. The certificate shows that its only ''purpose'' in Texas is to lend money. Article 1524a encompasses all corporations whose purpose or purposes include any or all of the purposes of subdivisions 48, 49 and 50 of 1302, or in whole or in part any purpose authorized by Art. 1303b. Among these purposes, as pointed out above, the lending of money predominates. Section 10 of Art. 1524a provides that ''the provisions of this Act shall apply to foreign corporations who have heretofore been granted permission to do business in Texas and who may hereafter be granted permission to do business in Texas having as their purpose or purposes any part of the provisions set out in Section One of this Act.'' It contains no such limitation as that suggested by the company.

The purpose of Art. 1524a can best be garnered from its 4 corners. Contrary to the company's suggestion, it is nowhere limited to ''loan companies'' as the term is commonly understood. Instead, it specifically regulates all companies who loan money in Texas. The company likewise suggests that regulation of its activities is not necessary since it is subject to insurance examination in its home state. As pointed out in WW-767 and the authorities cited therein, an insurance company entering Texas by virtue of a certificate of authority issued by the Secretary of State under Art. 3.27 of the Insurance Code is in no manner under the regulation, control or supervision of the Insurance Department of this state. It is reasonable to assume, therefore, that the Legislature intended that companies such as Penn Mutual be under the regulation of some other Texas administrative body in order to protect the interests of Texas citizens, and we accordingly hold that it falls within the purview of Art. 1524a. This conclusion is reenforced by the language of the statute authorizing its admittance into Texas, Art. 3.27, which requires that such company must comply with the laws of this State relating to foreign corporations engaged in loaning money in this State.

## SUMMARY

A company having a certificate of
authority from the Secretary of State
under Art. 3.27 of the Insurance Code
is subject to the provisions of Article
1524a V.C.S.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _____
Assistant Attorney General

RVL:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
W. O. Shultz
Martin DeStefano
Jack Goodman
Wm. H. Pool, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore